FILED
 2014 Jul-11 PM 02:51
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FONATANO WATTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00483-TMP |
| ) | |
| HARSCO METALS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On June 25, 2014, the magistrate judge filed his report and recommendation in the above-styled cause, recommending that the Defendant's Partial Motion to Dismiss be granted and this action be dismissed, except the Title VII disparate treatment claim.  (Doc. 14).  No objections have been filed by either party.  Because the parties have not consented to exercise of dispositive jurisdiction by the magistrate judge pursuant to 28 U.S.C. § 636(c), the magistrate judge directed the clerk to randomly draw a district judge to review the objections. (Doc. 15).  The undersigned was drawn to conduct the review.

Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's report and recommendation within fourteen days of being served with a copy of it.  If objections are filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings of fact or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1). Portions of a report and recommendation to which specific objections are made are reviewed under a *de novo* standard. However, those portions to which no objection is filed are reviewed only for clear error. As one court has explained:

> Parties to a dispute upon which a Report and Recommendation has been made are invited to file objections to that Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) ("Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Under this system, when a party makes a timely and specific objection to a portion of the Report and Recommendation, the district court is obliged to engage in a *de novo* review of the issues raised on objection. *Id.* ("A judge of the court *shall* make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added); *United States v. Raddatz*, 447 U.S. 667, 674, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Nettles*, 677 F.2d at 409. However, issues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" applying a clearly erroneous standard. 28 U.S.C. § 636(b)(1); *Nettles* 677 F.2d at 409 ("[T]he failure of a party to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from a *de novo* determination by the district judge of an issue covered in the report."); *see Liberty Am. Ins. Group, Inc. v. WestPoint Underwriters, L.L.C.*, 199 F.Supp. 2d 1271, 1276 (M.D. Fla. 2001) ("[T]he district court will review those portions of the R & R that are not objected [to] under a clearly erroneous standard."); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County*, 278 F.Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Lombardo v. United States*, 222 F.Supp. 2d 1367, 1369 (S.D. Fla. 2002); *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1561-62 (M.D. Fla. 1993); *Chamblee v. Schweiker*, 518 F.Supp. 519, 520 (N.D. Ga. 1981) ("[W]hen [a] party is notified of [the] right to object to the magistrate's report ... and fails to do so, he or she has

waived this right to *de novo* consideration of the issues raised in the case ... [and] use of a standard of review more closely akin to the rule 52 'clearly erroneous' standard is appropriate.")

Tauber v. Barnhart, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006); Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); Capdevielle v. Astrue, 2012 WL 503617 (M.D. Fla. Feb. 15, 2012).

Because no objections were filed to the report and recommendation, the undersigned has carefully reviewed and considered the report and recommendation for clear error. The Court is of the opinion that the report is due to be and hereby is ADOPTED, and the recommendation is ACCEPTED. Consequently, all claims in the complaint, except the Title VII disparate treatment claim, are DISMISSED WITH PREJUDICE. An order of final judgment will be entered contemporaneously herewith.

DATED the 11th day of July, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE